IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK FRAGALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 6294 |
| | ) |
| VILLAGE OF LAKE VILLA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Village of Lake Villa's (Village) partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is granted.

## BACKGROUND

Plaintiff Mark Fragale (Fragale) allegedly began working for the Village as a police officer in 1995. Fragale claims that starting in 2006 he began testing to obtain a promotion to the rank of Sergeant. Fragale asserts that as recently as 2014, he was denied a promotion. Fragale asserts that the written test employed by the Village for promotions does not measure the knowledge, skills, and abilities for a Sergeant position and the test has a disparate impact on certain protected classes of

1

individuals. Fragale also alleges that the Village retaliated against him because he helped in the unionization of police officers and because he reported alleged improper asbestos removal. Fragale includes in his *pro se* complaint a claim brought pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, alleging age discrimination, a claim brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, alleging discrimination based upon color, a Title VII national origin claim, a Title VII race discrimination claim, a Title VII religious discrimination claim, a Title VII sex discrimination claim, and a claim brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* alleging discrimination based upon a disability. Fragale further includes allegations indicating that he is bringing retaliation claims under the ADEA, ADA, and Title VII. The Village now moves to dismiss certain claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly

2

suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I.  Failure to Exhaust Administrative Remedies

The Village contends that Fragale has failed to exhaust his administrative remedies as to certain claims. A plaintiff seeking to bring a Title VII, ADA, or ADEA claim in Illinois must first exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission (EEOC), within 300 days "of experiencing the complained-of discrimination." *Stewart v. Cty. of Brown*, 86 F.3d 107, 110 (7th Cir. 1996); *Reynolds v. Tangherlini*, 737 F.3d 1093, 1100-01 (7th Cir. 2013); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th

Cir. 2004). A plaintiff may pursue claims in a federal action that are "like or reasonably related to the charges that were actually brought before the agency." *Reynolds*, 737 F.3d at 1100-01 (stating that "the relevant claim and the administrative charge must, at minimum, describe the same conduct and implicate the same individuals"). In the instant action, Fragale has attached his EEOC charge (Charge) to his complaint and thus the court can consider the Charge in ruling on the instant motion. Fed. R. Civ. P. 10(c). In the Charge, Fragale contends that he was tested by the Village when he sought promotion to the rank of Sergeant and that the test has a "disparate impact on individuals in the protected group. . . ." (Charge 1). Fragale further states that he has been "discriminated against on the basis of [his] age," and "denied promotion on the basis of [his] age in violation of the ADEA." (Charge 1). There is no mention in the Charge of any discrimination based on Fragale's color, disability, national origin, race, religion, or sex. Nor could any allegations in the Charge be construed in a manner that his new claims could reasonably relate to the allegations in the Charges. Thus, Fragale failed to exhaust his administrative remedies as to his Title VII and ADA discrimination claims. Nor are there any allegations in the Charge relating to alleged retaliation for engaging protected activities. Thus, Fragale failed to exhaust his administrative remedies as to his Title VII, ADA, and ADEA retaliation claims.

The court also notes that even if Fragale could have pursued a retaliation claim that arose later after the filing of the Charge, such alleged retaliation is not connected to his instant claims. Fragale makes clear that the alleged retaliation by the Village is

4

related to conduct such as bringing the union to the Village and complaining about asbestos removal, which is completely unrelated to the underlying alleged age discrimination claim in this case that related to the testing for promotions. (Compl. 8). In addition, the court notes that the instant action was initiated more than 300 days after the alleged misconduct in 2006 and 2010, and thus claims premised on such conduct would be time-barred. Therefore, the motion to dismiss the Title VII and ADA discrimination claims, and all retaliation claims is granted.

II. ADEA Discrimination Claim

The Village argues that certain ADEA claims are time-barred. As indicated above, a plaintiff seeking to pursue an ADEA claim in federal court must bring a charge with the "EEOC within 300 days of the alleged unlawful employment practice." *Flannery*, 354 F.3d at 637. Fragale filed the Charge on May 23, 2014. (Charge 1). Fragale can thus pursue conduct as recent as approximately July 2013. The allegations in the complaint that state that the Village discriminated against Fragale in 2006 and 2007 thus relate to conduct that is outside of the limitations period. Nor does Fragale allege any facts that would suggest that the equitable tolling doctrines are applicable in this instance. Therefore, the Village's motion to dismiss the time-barred ADEA claims is granted. Fragale may only pursue his ADEA discrimination claim based on alleged misconduct that occurred in July 2013 and later. At the summary judgment stage, Fragale will need to point to sufficient evidence to support his ADEA discrimination claim.

## CONCLUSION

Based on the foregoing analysis, the Village's partial motion to dismiss is granted.

                                              Samuel Der-Yeghiayan
                                              United States District Court Judge

Dated:   January 26, 2016